counsel may it please the court I'm Consuelo Woodhead on behalf of the United States I would like to reserve two minutes of my time and I will keep an eye on the clock thank you the safety valve statute itself coupled with well-established law that defendant bears the burden of providing approving his eligibility for safety valve relief resolves this appeal the safety valve applies only if two conditions are met first the defendant shows by a preponderance that he has truthfully provided all to the government all information and evidence he has concerning the offense or offenses that were part of the common course of conduct or scheme and to the district court makes a finding the defendant has done that these two statutory requirements apply regardless of what the government already knows and regardless of the simplicity of the offense that's in this court's Shrestha decision neither of these two requirements was met here first as to the disclosure requirement which is commonly referred to as the proffer requirement and and I use that term as I think the case law does as a shorthand for that standard the Queen for it can be called that that's more commonly used in my experience in in connection with someone making a proffer prior to making a plea as opposed to a safety valve proffer and it usually is associated with a an agreement that the government won't use the information which is really not a consideration one way or the other in in the safety valve context but it's it's basically a requirement that there's there's something out there that purports to represent all the information and evidence that the defendant has pardon it doesn't say that there has to be a formal proffer there does not have to get I know I'm not and I that's that's actually what I was going to suggest I'm not saying that there has to be a quote formal proffer or a proffer in any specific form but that the term I'm saying is is generally used to reflect to refer as a shorthand for the statutory requirement that there's something that constitutes a disclosure of all information and evidence and I think it's the only thing we have in the record here is what defense counsel said in the sentencing memo that that is correct and that is there's essentially nothing in there there's nothing in there that comes close to meeting the standard of a truthful and complete disclosure and the district court offered a continuance did it not if mr. Salazar was willing to sit down with his lawyer and perhaps make a proffer through the lawyer subject to the government's ability to follow up with any question that that is correct and he declined I mean it was pretty clear from the record he didn't want even a written proffer with his name on it that that named names and made the kind of disclosure that would constitute a truthful and complete disclosure he he declined that opportunity the district court seemed to indicate that making a what else the proper is going to accomplish is there any futility exception to the requirement there there absolutely is no futility exception to the requirement if the the defendant must make the complete and truthful disclosure if in fact it doesn't help the government at all that's fine the statute says he's still wall of formality is that what you're saying because the district court did make a finding that that essentially that that he that there was nothing else that he could provide meaning that he had provided there they knew everything he pleaded guilty and his he offered to make a written state written statement as I understand it he did not offer to write a letter I guess he offered but then he did not follow through on the and and then he never he never followed through and one of the cases he cites Milkidas says just offering to make a complete and truthful disclosure isn't enough you must actually make a complete and truthful disclosure prior to the hearing whether it's good enough for the government to make a recommendation or not is not the issue under the statute under the statute he has to go ahead and do it if he does not make a complete and truthful disclosure he has not met the statutory standard whether the government and recommends or not is not the point council how would the district court be in a position to know that it had been conducting a fairly comprehensive investigation of drug smuggling into the Los Angeles County Jail system and I didn't see anything in the record that established what the government knew and when they knew it so how could the district court decide that it was futile if he didn't know what the government the district the district court could not decide it was futile I to decide it was futile there was there was no basis in the record here for the court to say the defendant had made a complete and truthful disclosure there was no body of facts that the defendant pointed to and said here this is all I know the district court seemed to indicate that that judge judge who knew he was kind of out on a limb here I think he actually at one point invited an appeal or said he expected one because of the ruling to the extent he made a ruling that he was I think that's exactly right that the defendants the defense central argument the defendant made was I don't have to meet the complete and truthful disclosure requirement of the statute because if I did it wouldn't give the government anything it doesn't already know and seems to be the that's the argument that the court accepted not that the defendant had in fact made a complete and truthful disclosure because you will search in vain in this record for something that constitutes that but that the defendant didn't have to because it appeared to the court that his participation in this conspiracy was so limited that the government wouldn't get any new information on this record that he knew more than he was telling you sir pardon there's no indication in this record that there was any more to the incident than what he was telling but what what I think there is certainly indication in the record that he had not that he did not meet the tell-all-you-can- tell requirement he himself he never identified whether who he got the drugs from he never said that the name Amaya he never gave and and that is part of the it's called as this court is called a tell-all-you-can-tell requirement happened in the jail it happened in the jail correct and as I understood his cellmate basically had engaged in conduct so that he got arrested with somehow the contraband secreted on his person that he successfully smuggled into the jail but then the deputies were tossing this the cell and somehow mr. Salazar ended up holding the contraband it was not his cellmate it was someone in a different cell and what your honor just stated is part of the unknown which a truthful and complete disclosure would have to disclose exactly how did it end up in defendants hands did he get it directly from mr. Amaya or from mr. Maya cell or did he get it through a third person that is not in the record did you want to say I would like to reserve the rest of my time good morning your honors David Zuckman on behalf of Martine Salazar may it please the court I it's good to be the appellee there's a lot of advantages to very unaccustomed but I do like the fact that you can have what we're doing is it seeing if there is a basis in the evidence for judge Wu's finding right that's the rule what evidence did judge Wu have before him judge I don't normally engage in this sort of thing but I mean if what answer your questions I ducked those here's here's what I would say though like if say one of your honors had prescription meds and it fell on the floor and I grabbed it and tried to take it for myself the whole crime the whole thing my attempted possession of a drug that I'm not allowed to have would happen entirely in front of you and in that circumstance there would be nothing more for me to talk about I wouldn't have any further indication because it was a question that counsel just ended with who do you get the drug from well that presumes that he knows who he got the drugs from without asking him how can anyone know so I think putting it in judge Wu's perspective your honor this is a wiretap case inside of a prison where we know for certain that Mr. Salazar is not a member of the Mexican mafia because the government is indicted 68 other people who were members of the Mexican mafia talk to many many of them had every chance to Mr. Salazar and in Mr. Salazar's 37 criminal history points were he an associate of the Mexican mafia that would be something that would be clear to everyone all of your honors have had Mexican mafia cases by my count there are almost 1500 Mexican mafia cases reported in the circuits we know that Mr. Salazar did not have any previous relationship we also know but the engages in smuggling contraband into detention facilities certainly true your honor but in this instance we're asking about what judge Wu knew and how judge Wu made his finding it is a Mexican mafia case which the docket as it currently stands has over 3,000 entries and he said so judge Wu's finding was not that a proffer had been made in fact he he expressly did not make such a I don't know what else the proffer is going to accomplish in fact the the court asked mr. X road mr. Salazar's counsel will your client offer a proffer and mr. X road said no sir so we know that the court didn't find there was a proffer what the court found was it would be futile or wasn't necessary so don't we have to determine whether judge Wu's determination that you don't have to make a proffer if it would be futile complies sufficiently with the statute to comply with the statute mr. Salazar must provide the government with information about his offense and any relevant conduct it is the position of that is what judge Wu found judge Wu says that that's the whole fumbled ball that there was no planning before it he just jumped on it and he's caught well it's in the plea agreement too and the plea agreement contains this provision called the factual basis in which he describes what happens and that information is but the agreement expressly says it doesn't include all of it may say that as a tagline but what your client signed off on that document when he signed the plea agreement did he not oh certainly true your honor but at this stage of the proceedings at no point has the government said what question about relevant conduct they would have asked mr. Salazar that they weren't able to well we just heard one and I believe that's in the record we want to know who he got the drugs from that presumes that he knows who he got the drugs from I think without asking him the question how can you know the answer when judge Wu is assessing the facts in front of him and he assesses like that it seems to me that the court was essentially accepting the represent the arguments of counsel in the sentencing memo as if it was a proffer of facts and that's that's not evidence that is admissible to make to support a finding so if we can't rely on that what else is there well I think your honor I would point to the Sherpa case that I 28 Jade and it should have been included in the brief and I apologize for that but in Sherpa there was no proffer it was a truck it was the trial testimony of the defendant there was no formality and the government opposed trial testimony is certainly evidence is it not subject to cross-examination well then we're just consider it and rendering factual determination it's just more evidence it doesn't mean that the plea agreement is not evidence in fact the plea agreement is essentially a under oath just like you'd be giving as you were in the witness box you're saying this is what happened but it's not all the evidence that that's the concern I have and and that and the government was essentially saying without the ability to follow up and ask more questions here we don't know whether mr. Salazar has told us everything you know well I think though that's where the fact that this is an appellee's brief that what we're looking at is was there enough evidence in for judge Wu to make the finding and that's the rule the finding again is not that he made a proffer so that gets back to my question the district court never found that mr. Salazar made a proffer for purposes of the safety valve reduction instead he said a proffer would be futile so my question to you was is that enough to comply with the statute and why so my answer to that question is that judge Wu's finding is an implicit finding that we have at sentencing hearings all the time where a judge hears arguments on two sides and then says you know what I'm going to rule in favor of one side of the other and the reviewing court assumes that the judge made the factual findings that justified the outcome but isn't isn't a normal procedure for the government to make a 5k one motion based on the defendant has made or the cooperation that he has given the government well this is not there wasn't anything like that here that's completely correct your honor however this was an anomalous situation where I've been practicing for 25 years I've never seen anything like it where we have someone who comes in and just jumps on some drugs and then shoves them in his body to help someone else try to hide him from well that's the argument of counsel but the record is pretty skimpy to support that conclusion without asking a few more questions certainly always you can imagine another question you could ask however in this instance the government it would be asking questions about hypotheticals about what would you have done had you been successful which as far as I can tell there's no indication that mr. Salazar thought this thing through even a little bit that it was just a spontaneous action that's what the judge found and if that's what's his motive for doing it to curry favor with the Mexican Mafia well we don't know and it assumes that there is a motive right I mean the judge lose finding is that he must have had a reason for possessing him unless his argument now is I had him but I didn't know they were in my possession I don't think he could make that argument given his plea having represented thousands of criminal defendants asking them why they did almost rarely know the exact answer as to why they did it and sometimes it was just I'm a person who has 37 the whole purpose of the statute is to put the onus on the defendant to come clean with whatever it is that he knows and mr. Salazar didn't do that well but that may be but the second part of this of the statute is that the fact that the defendant has no relevant or useful other information to provide or that the government is already aware of the information shall not preclude a determination by the court the defendant has climbed complied with the proper requirement so I take it your position is that the district court found essentially that there was no further information that would be helpful and so therefore he's complied with the statute that's exactly correct I mean the district court expressly said that the proper wasn't sufficient the government is the arbiter of whether or not there has been a sufficient proffer so so I didn't see anything in the transcript indicating the court making a finding that Salazar had made a sufficient proffer all he said was it would be I don't know what else the proffer is going to accomplish so so your position seems to be that the district court implicitly found that the proffer was sufficient no despite the plain language then what are you saying I would refer your honor to er page 33 where the court says I would indicate for the record that I view it this is when he's talking about the government saying he violated acceptance of responsibility he says although obviously he is a part of the conspiracy the conspiracy because he is doing this for the benefit in other words to ingratiate himself with members of the Mexican mafia they're operating in these jail facilities and that again just so the exotic nature of this particular crime here is such that I think it is not in any way shape or form a normal type of involvement in operations of the Mexican mafia by this particular individual so I really view this is an anomalous type of situation and it really is the thing we know about the Mexican mafia is we know who's in the Mexican mafia it's a very exclusive club and mr. Salazar is not in it he did not have any business with these people and it was caught so they're really this is the hypothetical where somebody drops their drugs and they jump on it there just was nothing more here I see my time has elapsed I thank you for entertaining the argument if there are no further questions of course first under the statute and under this court's law in Shrestha it is a two-step process the defendant must first make a complete and truthful disclosure to qualify if he has done that the fact that it did not add to the information the government has does not is not held against him but the defendant here never made that complete and truthful disclosure would it be good enough if he if he had said that I don't have any information other than what the government already has no I don't think so because the government would not know he would not have disclosed what he himself knows that's the requirement he has to name names if you look at Shrestha it describes what what the defendant is expected to tell the government here the defendant admitted he knowingly joined a conspiracy and he never named a single conspirator so he can't claim that he made a complete and truthful disclosure he didn't provide any information that's correct he provided no information beyond at the very general allegations of the statements in the plea agreement which themselves don't name names and this is basically a tell-all you can tell name the names if we already had the names that's fine he would still get that he would get the he would get the safety valve but he has to be willing to do that that's why the cases talk about cooperation that's why they sometimes characterize the complete and truthful disclosure requirement as a cooperation requirement the defendant has to be willing to come in and say I whatever the facts are I got them from Amaya's cell Amaya handed them to name the third party and the third party gave them to me whatever the facts are he has to lay them out or else he gets a mandatory five-year sentence or else he gets the we thank you for your argument the case of United States versus Martin Salazar is submitted
judges: SCHROEDER, TALLMAN, IKUTA